**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

| | |
|---|---|
| WOODFIN SUITE HOTELS, LLC, | No. C 07-1719 SBA |
| | Related Case No. C 06-1254 SBA |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| | [Docket No. 13, 34] |
| CITY OF EMERYVILLE, | |
| Defendant. | |

Before the Court is defendant City of Emeryville's (Emeryville) motion to dismiss [Docket No. 13]. Emeryville also requests the Court strike plaintiff Woodfin Suite Hotels LLC's (Woodfin) opposition to its motion to dismiss as untimely [Docket No. 34]. After reading and considering the arguments presented by the parties, the Court finds these matters appropriate for resolution without a hearing. *See* FED. R. CIV. P. 78. For the reasons that follow, the motion to dismiss is GRANTED. The Court also STRIKES Woodfin's opposition [Docket No. 31] as untimely.

## BACKGROUND

On May 2, 2007, the Court ordered Woodfin to show cause why defendant City of Emeryville's motion to dismiss should not be granted based on *Younger* abstention principles. *See* Docket No. 26. The Court stated that absent some demonstration by Woodfin to the contrary, the Court was persuaded that the *Younger* abstention doctrine applies to this matter, and that Woodfin's amended complaint would have to be dismissed on that basis. Woodfin has complied with this order and filed additional briefing, but it is apparent that the *Younger* abstention doctrine is applicable and that Woodfin's complaint must therefore be dismissed.

## LEGAL STANDARDS

As the Court explained in the prior order, the *Younger* doctrine espouses a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary

circumstances. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982); *see also Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984) ("Under Younger-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests"); *Younger v. Harris*, 401 U.S. 37 (1971). "[T]he driving principle behind *Younger* was that in matters of special concern to the states, federal courts should avoid depriving the state courts of the opportunity to adjudicate constitutional issues." *M&A Gabaee v. Community Redevelopment Agency of the City of Los Angeles*, 419 F.3d 1036, 1040 (9th Cir. 2005); *see also Gilbertson v. Albright*, 381 F.3d 965, 975 (9th Cir. 2004) (federal courts should "avoid unwarranted determinations of federal constitutional law").

"Absent 'extraordinary circumstances', abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 712 (9th Cir.1995) (per curiam); *see also Canatella v. California*, 404 F.3d 1106, 1109-10 (9th Cir. 2005); *San Remo Hotel v. City and County of San Francisco*, 145 F.3d 1095, 1103 (9th Cir. 1998).

If the state court proceedings were undertaken in bad faith or for purposes of harassment, or if some other "extraordinary circumstances" exist, a district court need not abstain under *Younger*. *Younger*, 401 U.S. at 54; *Dubinka v. Judges of Superior Court*, 23 F.3d 218, 225 (9th Cir. 1994). An example of "extraordinary circumstances" is when the statute involved is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it." *Younger*, 401 U.S. at 53-54.

## ANALYSIS

**1.   Ongoing State Proceedings**

The dispositive issue as to whether there are ongoing state proceedings is whether the state

2

1  proceedings were underway prior to initiation of the federal proceedings. *See Wiener v. County of San*
2  *Diego*, 23 F.3d 263, 266 (9th Cir. 1994). The Court noted previously that the state court proceedings
3  have been ongoing since late September 2006, and that this federal action was not initiated until March
4  27, 2007.

5  Woodfin, however, argues that the state court proceedings were not ongoing when its first
6  federal lawsuit was filed. On February 21, 2006, Woodfin filed suit in federal court challenging the
7  constitutionality of Measure C (C 06-1254 SBA). It was not until September 28, 2006, that several
8  Woodfin employees brought a wage and hour action in state court against Woodfin based on purported
9  violations of Measure C. On November 8, 2006, Woodfin answered the complaint filed in state court.
10 As part of its answer, Woodfin seeks a declaration that Measure C is unconstitutional. To defend the
11 constitutionality of the ordinance, Emeryville intervened in the state action.

12 In response to a pending summary judgment motion against it in federal court, Woodfin
13 requested that it be allowed to voluntarily dismiss its complaint without prejudice. On January 8, 2007,
14 the Court dismissed the complaint without prejudice.

15 On March 27, 2007, plaintiff Woodfin initiated a new action against defendant City of
16 Emeryville (C 07-1719 SBA) in federal court. Thus, when the federal proceedings were initiated in this
17 case (C 07-1719 SBA), the state court proceedings were clearly already on-going. Woodfin offers
18 nothing to support its position that a prior dismissed case is the relevant starting point for determining
19 on-going proceedings under the *Younger* doctrine.

20 Even if the Court were to overlook that this is a second, distinct action, and find the original case
21 is the proper measure of the initiating of federal proceedings, *Younger* abstention would still be required.
22 *Younger* abstention is required if the state court proceedings were initiated "'before any proceedings of
23 substance on the merits have taken place in federal court.'" *Hawaii Housing Auth. v. Midkiff*, 467 U.S.
24 229, 238 (1984) (citing *Hicks v. Miranda*, 422 U.S. 332, 349 (1975)). "*Hicks* and *Hawaii Housing*
25 *Authority* establish that *Younger* abstention applies even when the state action is not filed until after the
26 federal action, as long as it is filed before proceedings of substance on the merits occur in federal court."
27
28

3

*M&A Gabaee v. Community Redevelopment Agency of the City of Los Angeles*, 419 F.3d 1036, 1041 (9th Cir. 2005); *see also Polykoff v. Collins*, 816 F.2d 1326, 1332 (9th Cir. 1987) (citations omitted) ("Whether the state proceedings are 'pending' is not determined by comparing the commencement dates of the federal and state proceedings. Rather, abstention under *Younger* may be required if the state proceedings have been initiated 'before any proceedings of substance on the merits have taken place in the federal court'"); *Adultworld Bookstore v. City of Fresno*, 758 F.2d 1348, 1350 (9th Cir. 1985) ("The *Younger* doctrine has not been limited, however, to instances where state proceedings have been filed before a federal action").

The first case initiated by Woodfin proceeded to the denial of Woodfin's application for a temporary restraining order. "[A] denial of a temporary restraining order is not considered a proceeding of substance on the merits." *Polykoff*, 816 F.2d at 1332. Emeryville filed a motion for summary judgment, but this was not considered on the merits because Woodfin requested allowance to dismiss its complaint, which was granted.

Thus, even if Woodfin's position that the initiation of the proceedings started with the filing of its previously dismissed case is accepted, it does not change the analysis. Because that case did not proceed beyond the "embryonic stage," the state court proceedings were already on-going for *Younger* purposes.

**2.   Important State Interests**

Woodfin apparently does not dispute that there is an important state interest, as it has not challenged this prong of the *Younger* test. It also does not contest the important state interests identified by the Court in its May 2, 2007 order.

**3.   Adequate Opportunity to Raise Federal Claims**

Woodfin also makes no argument in its reply that it is procedurally barred from raising the constitutional issues it wishes to press against the validity of Measure C and its associated regulations

4

in state court. It has in fact done so. In its answer in state court, Woodfin asserts a number of affirmative defenses to the City of Emeryville's intervention in that action, including violation of the due process clauses of the Fifth and Fourteenth Amendment (Tenth Affirmative Defense); that the ordinance is unconstitutional (Thirteenth Affirmative Defense); and that the ordinance is entirely pre-empted by federal and state law (Fourteenth Affirmative Defense).

Thus, the three elements of determining the applicability of *Younger* abstention are satisfied in this case. Absent a showing of bad faith or extraordinary circumstances, the Court is required to abstain from interfering with the ongoing state proceedings.

### 4.    **Bad Faith Exception to *Younger***

Woodfin contends that the Court should find that the "bad faith" exception to the *Younger* doctrine applies in this case. Woodfin protests that the "Court must not abstain from hearing this matter as the state action and the City's complaint in intervention were brought in bad faith and solely for the purpose of harassing Woodfin." Docket No. 27, at 7-8. Woodfin asserts that Emeryville is biased against it, demonstrated by the City's close alignment with "extremist labor front organizations" and the participation of a City Councilmember in protests at the Woodfin Hotel. *Id*. at 8.

The plaintiff bears the burden to establish that an exception to *Younger* exists. *See Kern v. Clark*, 331 F.3d 9, 11 (2d Cir. 2003) (per curiam); *Phelps v. Hamilton*, 122 F.3d 885, 889-90 (10th Cir. 1997). For a plaintiff to invoke the bad faith exception, the party bringing the state action must have no reasonable expectation of obtaining a favorable outcome. *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 199 (2d Cir. 2002); *see also Perez v. Ledesma*, 401 U.S. 82, 85 (1971).

There is nothing persuasive in Woodfin's briefing to support its assertion that Emeryville intervened in the state action in bad faith and for the sole purpose of harassing Woodfin. Emeryville asserts that it intervened in the state court proceedings because Woodfin was seeking to have one of its ordinances declared unconstitutional. Woodfin points to nothing concrete to cast suspicion on this or to otherwise raise questions about the City's defense of Measure C. Thus, Woodfin has not met its

burden to show that the "bad faith" exception to *Younger* applies.

**5.     Request to Strike the Opposition**

Emeryville objects to Woodfin's opposition to its motion to dismiss, arguing that it is untimely and therefore should be stricken. The hearing date for the motion to dismiss is set for June 12, 2007. Local Rule 7-3(a) provides that "[a]ny opposition to a motion must be served and filed not less than 21 days befor the hearing date." Emeryville points out that this means Woodfin's opposition was due on May 23, 3007, but was not filed until May 29th. Emeryville also notes that Woodfin did not request or receive an extension of time to file its opposition.

Woodfin did not request leave to file after the date required by the local rules. Woodfin has also offered no explanation for its untimely filing. Therefore, the Court will strike Woodfin's opposition [Docket No. 31] pursuant to Local Rule 7-3(a). Under this Court's standing orders, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Consequently, because there was no timely-filed opposition, the Court will grant Emeryville's motion to dismiss on this alternative basis as well.

## CONCLUSION

Accordingly, defendant City of Emeryville's motion to dismiss [Docket No. 13] is GRANTED. Plaintiff Woodfin's complaint is dismissed with prejudice. Defendant Emeryville's request to strike plaintiff Woodfin's opposition to its motion to dismiss as untimely [Docket No. 34] is also GRANTED.

IT IS SO ORDERED.

June 7, 2007

_____
Saundra Brown Armstrong
United States District Judge

6