**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**OAKLAND DIVISION**

WOODFIN SUITE HOTELS, LLC,

        Plaintiff,

  v.

CITY OF EMERYVILLE,

        Defendant.

No. C 07-1719 SBA
Related Case No. C 06-1254 SBA

**ORDER**

[Docket No. 37]

      Before the Court is plaintiff Woodfin Suite Hotels, LLC's (Woodfin) *ex parte* application for an order shortening the time to hear its Rule 60(b) motion [Docket No. 37]. This motion is currently scheduled to be heard March 4, 2008. Woodfin requests that this date be expedited to no more than 35 days after December 28, 2007. For the reasons that follow, Woodfin's *ex parte* application is DENIED.

BACKGROUND

      On November 8, 2005, the residents of defendant City of Emeryville (Emeryville) passed an ordinance known as "Measure C." Measure C is an ordinance that applies to hotels with more than 50 guestrooms and provides for minimum compensation for hotel employees.

      On February 21, 2006, Woodfin filed suit in federal court challenging the constitutionality of Measure C (C 06-1254 SBA). In response to a pending summary judgment motion against it, Woodfin requested it be allowed to voluntarily dismiss its complaint without prejudice. On January 8, 2007, the Court granted this request.

      On September 28, 2006, employees of plaintiff Woodfin filed a complaint in state court alleging that Woodfin is in violation of Measure C. That proceeding is styled *Martinez, et al. v. Woodfin Suite Hotels, LLC*, and is before the Alameda County Superior Court, Case No. RG06291309. As a defense to that action, Woodfin is asserting that Measure C is unconstitutional and unenforceable. As a result of the legal challenge to Measure C, Emeryville intervened in the state court proceedings to defend the constitutionality of the ordinance.

On March 27, 2007, plaintiff Woodfin Suite Hotels, LLC filed a second action against defendant Emeryville (C 07-1719 SBA) in this Court. On June 7, 2007, the Court granted defendant Emeryville's motion to dismiss Woodfin's complaint based upon *Younger* abstention principles. *See* Docket No. 36. The Court also granted Emeryville's request to strike Woodfin's opposition to the motion to dismiss because the opposition was untimely. *See id.* The complaint was dismissed with prejudice.

Woodfin's Rule 60(b) motion posits that the "part of the order striking WOODFIN's Opposition from the records, should be vacated and the order amended to reflect the fact that the motion to dismiss was granted solely on the *Younger* abstention doctrine." Docket No. 38, at 3. Woodfin argues that the "excusable neglect" of its counsel in filing the opposition six days late is grounds for granting its Rule 60(b) motion. "WOODFIN's counsel admits the opposition was filed in an untimely fashion, [but] the failure to file the opposition constitutes excusable neglect by counsel and should not result in an order striking Woodfin's Opposition to the Motion to Dismiss." Docket No. 38, at 3.

Woodfin states that Emeryville is relying on claim and issue preclusion as one of its defenses to Woodfin's position in the ongoing state court litigation. At an August 27, 2007 administrative proceeding, Emeryville asserted these preclusion defenses. On November 1, 2007, the Honorable Bonnie Sabraw of the Alameda Superior Court, set a hearing on Woodfin's request for a writ of mandate to set aside Emeryville's administrative orders related to Measure C. On December 27, 2007, "WOODFIN received an Answer from the CITY [Emeryville] to its Petition for Writ of Mandate which alleges as affirmative defenses *res judicata* and *collateral estoppel* presumably based on this Court's June 7, 2007 Order dismissing WOODFIN's amended complaint." Docket No. 37, at 4 (emphasis in original). Therefore, Woodfin requests that this Court modify the June 7, 2007, specifically that portion of the order striking Woodfin's opposition to the motion to dismiss as untimely. Woodfin makes this request to clear up what it characterizes as the confusion in the state court action and administrative action that the dismissal of Woodfin's second complaint was based on anything other than *Younger* abstention grounds.

**LEGAL STANDARDS**

Under Rule of Civil Procedure 60(b), a court may relieve a party from a final judgment or order for "(1) mistake, inadvertence, surprise, or excusable neglect," or "(6) any other reason that justifies relief." "A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c).

**ANALYSIS**

Emeryville objects to Woodfin's request to hear the Rule 60(b) motion on an expedited basis. Emeryville argues that good cause for an expedited hearing is lacking because the Rule 60(b) motion was not filed "within a reasonable time" as required. Emeryville is correct.

Although one year is the outer limit of time within which to bring such a Rule 60(b) motion, a motion brought within one year is not necessarily "within a reasonable time." Numerous courts have found that a reasonable time for filing a Rule 60(b) motion should not exceed that time allowed for an appeal. *See, e.g., Townsend v. Terminal Packaging Co.*, 853 F.2d 623, 624 (8th Cir. 1988) (per curiam) ("when the alleged error could have been corrected by appeal, this court requires that the Rule 60(b) [(1) or (6)] motion be made within the thirty-day time period for filing a notice of appeal, so as to prevent its use as a substitute for timely appeal on the underlying merits"); *Plotkin v. Pacific Tel. & Tel. Co.*, 688 F.2d 1291, 1293 n.2 (9th Cir. 1982) (agreeing that Rule 60(b) motion did not comply with the reasonable time requirement where the motion was filed 18 days after the expiration of the time for appeal of the order); *In re Texlon Corp.*, 596 F.2d 1092, 1100 (2d Cir. 1979); *Gila River Ranch, Inc. v. United States*, 368 F.2d 354, 357 (9th Cir. 1966); *Morse-Starrett Prods. Co. v. Steccone*, 205 F.2d 244, 249 (9th Cir. 1953) (the provisions of Rule 60(b)(6) were not intended to benefit the unsuccessful litigant who long after the time during which an appeal from a final judgment court have been perfected first seeks to express his dissatisfaction); *Chandler v. Wilson*, 2006 WL 133417, at *3 (E.D. Cal. 2006); *CSU, L.L.C. v. Xerox Corp.*, 202 F.R.D. 275, 278 (D. Kan. 2001); *Ferguson v. United States*, 186 F.R.D.

340, 341 (W.D.N.C. 1999) ("a reasonable time for filing a Rule 60(b) motion should not exceed that allowed for an appeal").

The time for Woodfin to appeal the Court's order dismissing its complaint was within thirty days after the entry of the order. Under 28 U.S.C. § 2107(a), "Except as otherwise provided in this section, no appeal shall bring any judgment, order or decree in an action, suit or proceeding of a civil nature before a court of appeals for review unless notice of appeal is filed, within thirty days after the entry of such judgment, order or decree." The order was entered June 7, 2007. *See* Docket No. 36. Woodfin's Rule 60(b) motion was filed on December 31, 2007. *See* Docket No. 38. Thus, not only was Woodfin's Rule 60(b) motion not filed within the thirty day period for appeal, it was filed more than six and a half months after the order complained of was entered. Thus, the Court finds that Woodfin has not filed its Rule 60(b) motion "within a reasonable time." By extension, hearing this untimely motion on an expedited basis is not warranted.

In addition, a preliminary review of the underlying motion itself suggests that expedited review is not necessary. Woodfin's main premise for its motion is "excusable neglect." At this time, though, this does not appear a convincing explanation for the late filed opposition. Emeryville filed its motion to dismiss on April 30, 2007. *See* Docket No. 13. At that time, the motion was calendared for hearing on June 12, 2007. Woodfin knew, on April 30th or very shortly thereafter, that its opposition was due on May 23, 3007. It did not file an opposition until May 29th.

Woodfin argues that its counsel filed a notice of unavailability on May 24, 2007. *See* Docket No. 30. But this is still a day after the opposition was due. Woodfin's notice of unavailability was thus filed nearly a month after the motion to dismiss was calendared and after Woodfin was aware that an opposition was due.

Moreover, much of Woodfin's Rule 60(b) motion is premised on the notion that a late filed opposition merely creates a rebuttable presumption of consent to a motion, and that presumption is rebutted by the filing of an untimely opposition. Not so. Under this Court's standing orders, "[t]he failure of the opposing party to file a memorandum of points and authorities in opposition to any motion

*shall constitute* a consent to the granting of the motion." Armstrong Standing Orders No. 8 (emphasis added). And not filing an opposition until six days after it is due is a failure to file within the meaning of Standing Order Number 8.

Other difficulties with Woofin's motion includes its suggestion that it only recently learned of Emeryville's position on res judicata and collateral estoppel. This is belied by the fact that Emeryville first made the res judicata argument on June 17, 2007. *See* Docket No. 46, Ex. B. This date is also significant because this occurred within the time allowed for an appeal of this Court's order. And in its own motion, Woodfin recites that Emeryville again raised this issue at an August 27, 2007 administrative proceeding. Thus, Woodfin had notice that Emeryville might assert res judicata and collateral estoppel well before the December date as it is now asserting. Woodfin's claim of urgency is therefore unconvincing.

Finally, Woodfin notes that the Judge Sabraw heard its motion for summary judgment on August 30, 2007, and "noted in her order that WOODFIN's constitutional claims – both facial and substantive – remain alive and well." Docket No. 38. If this characterization is correct, it does not appear that the state court considered Woodfin's constitutional claims barred by the doctrines of res judicata or collateral estoppel. It is therefore not apparent that Woodfin's belief that the state court may apply res judicata or collateral estoppel has any well-supported foundation.

## CONCLUSION

Accordingly, Woodfin has not shown good cause to grant its *ex parte* application for an expedited hearing on its Rule 60(b) motion. Plaintiff Woodfin Suite Hotels, LLC's *ex parte* application for an order shortening the time to hear its Rule 60 motion [Docket No. 37] is DENIED.

IT IS SO ORDERED.

January 14, 2008

_Saundra B Armstrong_
Saundra Brown Armstrong
United States District Judge

5